UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN MURMER,

        Plaintiff,

v.                                                Civil Action No. 3:07cv608

CHESTERFIELD COUNTY SCHOOL
BOARD, et al.,

        Defendants.

## ANSWER

COME NOW Defendants, by counsel, in response to the Complaint exhibited against them and state as follows.

1. The Defendants deny that they committed the alleged acts, retaliated against the Plaintiff, or otherwise violated any rights of the Plaintiff.  The remaining allegations in Paragraph 1 of the Complaint ("paragraph 1") are conclusions of law to which no response is required.  To the extent that a response is required the Defendants deny the allegations.

2. The Defendants admit the allegations in paragraph 2 solely for jurisdictional purposes.

3. The Defendants deny the allegations in paragraph 3.

4. With respect to the allegations in paragraph 4, the Defendants admit that the venue is proper.  The Defendants admit that Chesterfield County is located in this judicial district as are many of the documents and records relevant to this lawsuit.  The Defendants deny the remaining allegations in paragraph 4.

5. The Defendants admit the allegation that Plaintiff Stephen Murmer is a former teacher at Chesterfield County Public Schools.  The Defendants are without sufficient knowledge

and/or information to form a belief as to the truth of the remaining allegations in paragraph 5 and, therefore, the Defendants deny these allegations.

6. The allegations in paragraph 6 are conclusions of law to which no response is required. To the extent that a response is required, the School Board admits the allegations.

7. The Defendants admit the allegations in the first sentence of paragraph 7. The Defendants deny that the Plaintiff is entitled to any of the relief requested.

8. The Defendants deny the allegations in the first sentence of paragraph 8, but state that Dr. Evans is an Assistant Superintendent. The Defendants deny that the Plaintiff is entitled to any of the relief requested.

9. The allegations in paragraph 9 are conclusions of law to which no response to required. To the extent that a response is required the Defendants deny the allegations.

10. Upon information and belief, the Defendants admit the allegations in paragraph 10.

11. The Defendants admit allegations in paragraph 11.

12. The Defendants deny that the Plaintiff ever received a teacher of the year award at Monacan High School. Upon information and belief the Defendants admit that prior to becoming a teacher at Monacan High School, Plaintiff received such an award at another school. With respect to the remaining allegations in paragraph 12, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, the Defendants deny these allegations.

13. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, deny these allegations.

14. Upon information and belief the Defendants admit that the Plaintiff adopted a pseudonym of Stan Murmur. With respect to the remaining allegations in paragraph 14, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of these allegations and, therefore, the Defendants deny these allegations.

15. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, the Defendants deny these allegations.

16. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, the Defendants deny these allegations.

17. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, the Defendants deny these allegations.

18. The Defendants admit that the Plaintiff paints using his posterior and other body parts, including his genitalia. With respect to the remaining allegations in paragraph 18 of the Complaint, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, the Defendants deny these allegations.

19. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, deny these allegations.

20. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, deny these allegations.

21. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, deny these allegations.

22. Upon information and belief, the Defendants admit that the Plaintiff appeared in the referenced video. The remaining allegations concern what statements were made and activities done in the video, which speaks for itself. To the extent that the allegations in paragraph 22 are inconsistent with the video, the Defendants deny the allegations.

23. Upon information and belief, the Defendants admit that in the YouTube video the Plaintiff wore the costume described in paragraph 23. With respect to the remaining allegations in paragraph 23, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, the Defendants deny these allegations.

24. The allegations in paragraph 24 are not factual allegations requiring a response. To the extent that a response is required, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, the Defendants deny the allegations.

25. Upon information and belief, the Defendants admit that the Plaintiff wore a skin tight black thong and a head wrap during all portions of the video and, therefore, that the Plaintiff was not completely naked in the video.

26. The Defendants admit the allegation in paragraph 26 that video was on YouTube, an Internet website on which users post videos. However, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 26 and, therefore, the Defendants deny these allegations.

27. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, the Defendants deny these allegations.

28. The Defendants deny the allegations in paragraph 28.

29. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, the Defendants deny these allegations.

30. The Defendants admit the allegations in paragraphs 30.

31. The Defendants admit the allegations in paragraph 31 that the matter was referred to Human Resources and that Human Resources investigated the matter. The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in paragraph 31 and, therefore, the Defendants deny these allegations.

32. With respect to the allegations in paragraph 32, the Defendants admit that the Plaintiff agreed to remove certain photographs from his website and that no further action was taken at that time.

33. The Defendants admit the allegations in paragraph 33.

34. With respect to the allegations in paragraph 34, the Defendants admit that certain individuals employed by the School Board had knowledge beginning in March 2004 that the Plaintiff painted with his buttocks. The Defendants deny the remaining allegations in paragraph 34.

35. The Defendants deny the allegations in paragraph 35.

36. With respect to the allegations in paragraph 36, the Defendants admit that in early December 2006, disruptions began to occur in classrooms and in other locations at Monacan High School relating to the YouTube video.

37. With respect to the allegations in paragraph 37, the Defendants admit that prior to the beginning of his first class on December 8, 2006, Mr. Murmer was requested to meet with Mr. Sovine and Dr. Evans, who was an Assistant Superintendent. The remaining allegations in paragraph 37 are denied.

38. The Defendants deny the allegations in paragraph 38.

39. With respect to the allegations in paragraph 39, the Defendants admit that Mr. Sovine and Dr. Evans told the Plaintiff that students in more than one class in the past week had caused disruptions to class by discussing the Plaintiff's website and the video posted on YouTube that is referenced in paragraph 35 of the Complaint. The Defendants deny the remaining allegations in paragraph 39.

40. The Defendants admit the allegations in paragraph 40 of the Complaint, except that the Plaintiff was told that disruptions occurred on and before December 7, 2006, and that discussion of the YouTube video was also occurring at other activities at the School.

41. The Defendants admit the allegations in paragraph 41, except that the Defendants deny that the Plaintiff successfully disguised himself in the YouTube video.

42. The Defendants admit the allegations in paragraph 42.

43. The Defendants deny the allegations in paragraph 43 and 44.

44. The Defendants admit the allegations in paragraph 45.

45.     The Defendants deny the allegations in paragraph 46.  However, the Defendants state that Dr. Evans told the Plaintiff that the suspension could be converted to a suspension without pay depending on the outcome of the investigation.

46.     The Defendants deny the allegations in paragraph 47, but state that Dr. Evans told the Plaintiff that if his suspension were converted to a suspension without pay, then information would be presented to the School Board.  Additionally, Sovine requested that the Plaintiff not discuss the matter with teachers and students in the School to avoid creating a greater disruption.

47.     The Defendants deny the allegations in paragraph 48.  The Defendants state that Sovine told the Plaintiff that this was a personnel matter and, therefore, Sovine and Evans would not discuss the matter with anyone except as necessary in conducting the investigation.  Additionally, Sovine requested that the Plaintiff not discuss the matter with teachers and students in the School to avoid creating a greater disruption.

48.     Defendants deny that the Complaint accurately recites the words or context of the statements of Debra Marlow and, therefore, the Defendants deny the allegations as pleaded.

49.     The Defendants admit the allegations in paragraph 50.

50.     The allegations in paragraphs 51 through 53 concern the contents of letters allegedly sent to the Plaintiff.  Such letters, if they exist, speak for themselves.  To the extent that the allegations in paragraphs 51 through 53 are not consistent with the alleged letters, the Defendants deny the allegations.

51.     The Defendants admit that a hearing to determine whether to terminate the Plaintiff's employment was held on January 9, 2007, and that part of the basis for considering whether to terminate the Plaintiff was the actual and predicted disruptions arising from student discussion of the YouTube video.  The remaining allegations in paragraph 54 are denied.

52.     The Defendants admit the allegations in paragraph 55, but the Defendants deny that the persons identified as attending the referenced hearing were the only individuals to attend.

53.     The Defendants admit that one of the reasons for terminating the Plaintiff's employment was that the Plaintiff's conduct in the video, including the inappropriate display of his body in a video that was intended for public viewing, constituted conduct unbecoming of a teacher, who necessarily is a role model for his students.  The remaining allegations in paragraph 56 are denied.

54.     The Defendants admit that the School Board decision to terminate the Plaintiff was unanimous.  With respect to the remaining allegations in paragraph 57, the Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, deny these allegations.

55.     With respect to the allegations in paragraph 58, the Defendants hereby reincorporate their responses to the preceding paragraphs as if fully set forth herein.

56.     The allegations in paragraph 59 are conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

57.     The Defendants are without sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraphs 60 through 62 and, therefore, the Defendants deny the allegations.

58.     The allegations contained in paragraph 63 are conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

59. The allegations contained in paragraph 64 are conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations.

60. The Defendants deny the allegations contained in paragraphs 65 through 67.

61. With respect to the allegations in paragraph 68, the Defendants hereby reincorporate their responses to the preceding paragraphs as if fully set forth herein.

69. The Defendants deny the allegations contained in paragraph 69.

70. Defendants deny that the Complaint accurately recites the words or context of the statements of Debra Marlow and, therefore, the Defendants deny the allegations as pleaded in paragraph 70.

71. The Defendants deny the allegations contained in paragraphs 71 through 74.

72. The Defendants hereby deny any allegations contained in the Complaint that are not expressly admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state any claims upon which relief can be granted.

2. Defendants Sovine and Evans assert that as to all claims against them in the Complaint, they undertook all actions in the objective, good faith belief that their actions did not violate any of the Plaintiff's constitutional or statutory rights. Accordingly, Sovine and Evans are qualifiedly immune from liability.

3. The Plaintiff's damages, if any, were caused by his own acts and omissions.

WHEREFORE, Defendants request that the Court enter Judgment in their favor, award their costs of suit to them, and grant them such other additional relief as the Court may deem appropriate.

                CHESTERFIELD COUNTY SCHOOL BOARD,
                DAVID SOVINE, Principal, Monacan High School,
                LYLE EVANS, Associate Superintendent for
                Human Resources

                By Counsel

/s/ Travis A. Sabalewski
Travis A. Sabalewski, Esquire (VSB #47368)
D. Patrick Lacy, Esquire (VSB # 07190)
Stacy L. Haney, Esquire (VSB # 71054)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219-4069
(804) 344-3400 (Telephone)
(804) 344-3410 (Facsimile)
placy@reedsmith.com
tsabalewski@reedsmith.com
shaney@reedsmith.com

      Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2007, a true copy of the foregoing was served by ECF on the following:

>Rebecca K. Glenberg, Esquire
>Company: American Civil Liberties Union of Virginia
>Foundation, Inc.
>530 E. Main Street, Suite 310
>Richmond, VA 23219
>rglenberg@acluva.org
>
>Blackwell Nixon Shelley, Jr. , Esquire
>Shelley & Schulte, P.C.
>700 East Franklin Street
>Richmond, VA 23219
>blackwell.shelley@shelleyschulte.com
>
>Tim Schulte, Esquire
>Shelley & Schulte, P.C.
>700 East Franklin Street
>Richmond, VA 23219
>tim.schulte@shelleyschulte.com

>/s/ Travis A. Sabalewski
>Travis A. Sabalewski, Esquire (VSB #47368)
>D. Patrick Lacy, Esquire (VSB # 07190)
>Stacy L. Haney, Esquire (VSB # 71054)
>REED SMITH LLP
>Riverfront Plaza - West Tower
>901 East Byrd Street, Suite 1700
>Richmond, Virginia 23219-4069
>(804) 344-3400 (Telephone)
>(804) 344-3410 (Facsimile)
>placy@reedsmith.com
>tsabalewski@reedsmith.com
>shaney@reedsmith.com