IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN MURMER,

                    Plaintiff,

v.                                                  Civil Action No. 3:07cv608

CHESTERFIELD COUNTY SCHOOL BOARD, et al.,

                    Defendants.

## DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

COME NOW the Defendants, by counsel, and for their Proposed Conclusions of Law, state as follows:

1.      Limitations are placed on the free speech rights of schoolteachers such as the Plaintiff due to the nature of the employment by government-operated schools.  As an employer, the School Board possesses greater authority to restrict the speech of the Plaintiff than the government generally has to restrict the speech of the citizenry as a whole.  Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007).

2.      "Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest do not constitute speech about matters of public concern that are protected by the first Amendment, but are matters more immediately concerned with the self-interest of the speaker as employee." Stroman v. Colleton County Sch. Dist., 981 F.2d 152, 156 (4th Cir. 1992).

3.      "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 147 (1983).  Speech involves a matter of public

concern when it involves an issue of social, political, or other interest to a community. Kirby v. City of Elizabeth City, 388 F.3d 440, 446 (4th Cir. 2004).

4.      Even if some of the speech/expression that the Plaintiff alleges to be protected was speech/expression on matters of public concern, this does not render all of his conduct protected. Unprotected speech/expression is not immunized from discipline by the fact that it is surrounded by protected statements. Waters v. Churchill, 511 U.S. 661, 675 (1994).

5.      The Plaintiff has the burden to prove that: (1) he engaged in speech on a matter of public concern; and (2) such speech was a substantial or motivating factor for the School Board's termination of his employment. Board County Commissioners v. UmBehr, 518 U.S. 668, 676 (1996). The Plaintiff has not met this burden and, therefore, the School Board is not liable under Count I of the Complaint.

6.      Even if the Plaintiff had met his burdens to prove that he was speaking on a matter of public concern and that the School Board terminated his employment on that basis, the Court must balance the rights of the Plaintiff as a citizen, in commenting upon matters of public concern and the interest of the School Board, as an employer, in promoting the efficiency of the public services it performs through its employees at Monacan High School (the "School"). Lee v. York County Sch. Div., 484 F.3d 687, 694-95 (4th Cir. 2007). To satisfy this balancing test established in Pickering v. Bd. of Educ., 391 U.S. 563, 568, 20 L. Ed. 2d 811, 88 S. Ct. 1731 (1968) and justify termination of the Plaintiff's employment based on his allegedly protected speech activity, the School Board has the burden to show that the Plaintiff's activity was disruptive to the internal operations of the School. See Connick v. Myers, 461 U.S. 138, 150 (1983).

7.     In conducting the balancing test under Pickering, the Court must take into consideration the plaintiff's position as a teacher in a public school. While employed as a teacher, the Plaintiff acted *in loco parentis* for the adolescent students at the School. Vernonia School District v. Acton, 515 U.S. 646, 655 (1995). This position by its very nature requires a degree of public trust not found in many other positions of public employment. Melzer v. Bd. of Educ., 336 F.3d 185, 198 (2d Cir. 2003). As a teacher, Murmer served as a role model for his students, exerting a subtle but important influence over their perceptions and values. Ambach v. Norwick, 441 U.S. 68, 78 (1979); Cabell v. Chavez-Salido, 454 U.S. 432, 748 (1981).

8.     The burden on the School Board to prove disruption to internal activities is met where as a consequence of the Plaintiff's alleged protected speech activities disruption resulted that is significant enough to interfere with the regular operation of the School or impede the performance of the Plaintiff's duties as a teacher. Melzer v. Bd. of Educ., 336 F.3d 185, 197 (2d Cir. 2003) (citing Rankin v. McPherson, 483 U.S. 378, 384 (1987)).

9.     The burden to prove such disruption can be met by evidence of actual disruption. Alternatively, the burden can be met by evidence of reasonably anticipated future disruption or a combination of evidence of actual disruption and reasonably anticipated future disruption. Melzer v. Bd. of Educ., 336 F.3d 185, 197 (2d Cir. 2003)

10.    The government's interest in achieving its goals as effectively and efficiently as possible is elevated from a relatively subordinate interest when it acts as sovereign to a significant one when it acts as employer. Waters v. Churchill, 511 U.S. 661, 675 (1994).

11.    Greater deference is to be given to government predictions of harm used to justify restriction of employee speech than to predictions of harm used to justify restrictions on the speech of the public at large. Substantial weight is given to government employers' reasonable

predictions of disruption, even when the speech involved is on a matter of public concern. Waters v. Churchill, 511 U.S. 661, 673 (1994).

12. Based on the evidence of actual disruption alone, the School Board met its burden to prove that there was disruption to the internal activities of the School as a consequence of the Plaintiff's allegedly protected speech activities and that such disruption was significant enough so that it interfered with the regular operation of the School. Accordingly, the School Board is not liable under Count I of the Complaint.

13. Based on the evidence of actual disruption and reasonably anticipated future disruption from returning the Plaintiff to his teaching position, the School Board met its burden to prove that there was disruption and reasonable likelihood of future disruption to the internal activities of the School as a consequence of the Plaintiff's allegedly protected speech activities and that such disruption was significant enough so that it did and would interfere with the regular operation of the School. Accordingly, the School Board is not liable under Count I of the Complaint.

14. Based on the evidence of actual disruption alone, the School Board met its burden to prove that there was disruption to the internal activities of the School as a consequence of the Plaintiff's allegedly protected speech activities and that such disruption would impede the Plaintiff's ability to perform his function as a teacher. Accordingly, the School Board is not liable under Count I of the Complaint.

15. Based on the evidence of actual disruption and reasonably anticipated future disruption, the School Board met its burden to prove that there was disruption to the internal activities of the School and a reasonable likelihood of future disruption as a consequence of the Plaintiff's allegedly protected speech activities and that such disruption would impede the

Plaintiff's ability to perform his function as a teacher. Accordingly, the School Board is not liable under Count I of the Complaint.

16. Lyle Evans and David Sovine are not liable under Count I of the Complaint for the same reasons that the School Board is not liable.

17. Additionally, Evans and Sovine are not liable under Count I of the Complaint on the additional grounds that the Plaintiff has not met his burden to prove that either of these defendants terminated the Plaintiff's employment.

18. As the Plaintiff seeks to hold Sovine and Evans personally liable for their exercise of a discretionary function and the Defendants asserted a defense of qualified immunity, Sovine and Evans cannot be held liable, unless the Plaintiff proves a violation of law that was clearly established at the time the challenged actions were taken. Dimeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995).

19. A two step inquiry applies to whether Sovine and Evans are qualifiedly immune to a specific action: (1) did the actions of Sovine and Evans violate a constitutional right; and (2) if so, was the constitutional right clearly established in light of the specific context of the case. Saucier v. Katz, 533 U.S. 194, 201 (2001). Defendants are entitled to qualified immunity where the Plaintiff seeks to impose liability for what would amount to "bad guesses in gray areas." Maciariello v. Rowell, 973 F.2d 295, 300 (4th Cir. 1992). If the actions of Sovine and Evans were at an absolute minimum debatably not violative of any rights of the Plaintiff, then they are entitled to qualified immunity. Anderson v. Creighton, 483 U.S. 635, 640-1 (1987).

20. Sovine and Evans are entitled to qualified immunity to Count I of the Complaint on the grounds that they did not terminate the Plaintiff's employment in violation of a constitutional right clearly established in light of the specific context of this case. Saucier v.

Katz, 533 U.S. 194, 201 (2001).  Accordingly, Defendants Sovine and Evans are not liable under Count I of the Complaint.

21.     The two step inquiry established in Pickering applies to Count II of the Plaintiff's Complaint, in which the Plaintiff alleges that the Defendants imposed a prior constraint on his right to engage in certain allegedly protected speech activities.  Thus, under Count II the Plaintiff has the burden to show that each of the Defendants imposed a prior constraint on his right to engage as a private citizen in speech on a matter of public concern.  Mansoor v. Trank, 319 F.3d 133, 137 (4th Cir. 2003).

22.     If the Court finds that the Plaintiff met this burden, then the Court must balance the interests of the employee against the interests of the Defendants in performing the educational function of the School free of significant disruption.  Mansoor v. Trank, 319 F.3d 133, 137 (4th Cir. 2003).

23.     Plaintiff has not met his burden to prove that any of the Defendants imposed a prior restraint on his right to engage as a private citizen in speech on a matter of public concern. Accordingly, none of the Defendants are liable under Count I of the Complaint.

24.     Even if Plaintiff could meet his burden to prove that any of the Defendants placed a prior constraint on his ability to speak on a matter of public concern, the Defendants have met their burden to prove that the interests of the Defendants in preventing significant disruption of the performance of the function of the School outweighed the interests of the Plaintiff in engaging in the speech that he alleges was the subject of a prior constraint.  Accordingly, the Defendants are not liable under Count II.

25.     The School Board cannot be held liable vicariously under § 1983 under a *respondeat superior* theory of liability.  See Bd. of County Comm'rs of Byran County v. Brown,

520 U.S. 397, 137 L.Ed.2d 626, 639 (1997); J.S. v. Isle of Wight County Sch. Bd., 368 F. Supp.

2d 522, 526 (E.D. Va. 2005); Ashby v. Isle of Wight County Sch. Bd., 354 F. Supp 2d 616, 625

(E.D. Va. 2004).   Therefore, to hold the School Board liable based on the alleged acts of Sovine

or Evans, the Plaintiff must prove that: (1) Sovine or Evans imposed a prior constraint on the

Plaintiff's right to engage as a private citizen in speech on a matter of public concern; (2) the

interests in preventing such the allegedly restrained speech did not outweigh the Plaintiff's

interests in engaging in such speech; and (3) the School Board knew the foregoing and ratified

such action by Sovine and Evans.  See Ashby, 354 F. Supp. 2d at 628.

      26.     Ratification of an act requires knowledge of the act and some cognizable action to

approve the act.  Ashby v. Isle of Wight County Sch. Bd., 354 F. Supp 2d 616, 625 (E.D. Va.

2004).

      27.     Plaintiff has not met his burden to prove that the School Board: (1) ratified

imposition of a prior constraint on the rights of the Plaintiff to engage as a private citizen in

speech on a matter of public concern; and (2) that the School Board did so where Plaintiff's

interests in engaging in the speech outweighed the interests of the government in preventing

significant disruption of the performance of the function of the School.  Accordingly, the School

Board is not liable under Count II of the Complaint.

      28.     In addition to the foregoing reasons, Sovine and Evans also cannot be held liable

under Count II of the Complaint, because they did not by their conduct violate a constitutional

right clearly established in light of the specific context of the case and a reasonable person would

not have believed that they did.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Saucier v. Katz,

533 U.S. 194, 201 (2001).  Rather, the actions of Sovine and Evans were at an absolute minimum

debatably not violative of any rights of the Plaintiff and, therefore, Sovine and Evans are entitled

to the protection of qualified immunity.  Anderson v. Creighton, 483 U.S. 635, 640-1 (1987).

Accordingly, Sovine and Evans cannot be held liable under Count II of the Complaint.

Respectfully submitted,

CHESTERFIELD COUNTY SCHOOL BOARD,
DAVID SOVINE, Principal, Monacan High School,
LYLE EVANS, Associate Superintendent for
Human Resources

By Counsel

/s/ Travis A. Sabalewski
D. Patrick Lacy, Esquire (VSB # 07190)
Travis A. Sabalewski, Esquire (VSB #47368)
Stacy L. Haney, Esquire (VSB # 71054)
Eric B. Martin, Esquire (VSB # 75157)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219-4069
(804) 344-3400 (Telephone)
(804) 344-3410 (Facsimile)
placy@reedsmith.com
tsabalewski@reedsmith.com
shaney@reedsmith.com
emartin@reedsmith.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2008, a true copy of the foregoing was served by ECF on the following:

Rebecca K. Glenberg, Esquire
American Civil Liberties Union of
   Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA 23219
rglenberg@acluva.org


/s/ Travis A. Sabalewski
D. Patrick Lacy, Esquire (VSB # 07190)
Travis A. Sabalewski, Esquire (VSB #47368)
Stacy L. Haney, Esquire (VSB # 71054)
Eric B. Martin, Esquire (VSB # 75157)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219-4069
(804) 344-3400 (Telephone)
(804) 344-3410 (Facsimile)
placy@reedsmith.com
tsabalewski@reedsmith.com
shaney@reedsmith.com
emartin@reedsmith.com

Counsel for Defendants